IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:10cv135

| | |
|---|---|
| JEFFERY THOMPSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RED BULL RACING, INC., )<br>)<br>Defendant. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court *sua sponte* to require response.

The Plaintiff initiated this action claiming racial discrimination in employment on June 28, 2010. [Doc. 1]. On May 2, 2011, the Defendant moved for summary judgment and attached numerous exhibits to the motion. [Doc. 13]. Among the documents is a copy of the Plaintiff's application for employment. [Doc. 13-10, at 20-42]. On the last page of that application, there is a provision for arbitration.

> I acknowledge that the company promotes a voluntary system of alternative dispute resolution, which involves binding arbitration to resolve all disputes which may arise out of the employment context. Because of the mutual benefits ... that private binding arbitration can provide both the company and myself, I voluntarily agree to sign the Company's agreement which includes

information which explains that any claim, dispute, and/or controversy (including, but not limited to, any claims of discrimination and harassment, whether they be based on Title VII of the Civil Rights Act of 1964, as amended, as well as all other state or federal laws or regulations) that would otherwise require or allow resort to any court ... between myself and the company ... arising from, related to, or having any relationship or connection whatsoever with my ... employment with ... the company, ... *shall* be submitted to and determined *exclusively* by binding arbitration under the Federal Arbitration Act[.] ... I HEREBY VOLUNTARILY AGREE TO REVIEW AND SIGN THE COMPANY'S BINDING ARBITRATION AGREEMENT AND UNDERSTAND THAT *BOTH I AND THE COMPANY GIVE UP OUR RIGHTS TO TRIAL BY JURY*.

[Doc. 13-10, at 25] (emphasis provided).

When parties have entered into a valid and enforceable agreement to arbitrate their disputes and the dispute at issue falls within the scope of that agreement, the FAA [Federal Arbitration Act] requires federal courts to stay judicial proceedings ... and compel arbitration in accordance with the agreement's terms. It is settled that the provisions of the FAA, and its policy favoring the resolution of disputes through arbitration, apply to employment agreements to arbitrate discrimination claims brought pursuant to federal statutes, including Title VII of the Civil Rights Act. Such an agreement is enforceable because "'[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than judicial, forum.'"

Murray v. United Food and Commercial Workers, 289 F.3d 297, 301-02 (4th Cir. 2002) (citations omitted); *accord*, C.B. Fleet Co., Inc. v. Aspen Ins. UK Ltd, 743 F.Supp.2d 575 (W.D.Va. 2010).

The Court finds that the parties should address the issue of whether arbitration of the matters at issue in this case is mandatory pursuant to the

language of the employment application, Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001) (arbitration agreement contained in an employee application compelled arbitration of discrimination claims); Adkins v. Labor Ready, Inc., 303 F.3d 496 (4th Cir. 2002), and whether there exist any additional documents affecting the parties' rights and obligations with respect to arbitration of their disputes.

**IT IS, THEREFORE, ORDERED** that on or before fifteen (15) days from entry of this Order, the parties shall respond to the issue regarding arbitration as set out above.

Signed: May 19, 2011

Martin Reidinger
United States District Judge