IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:10cv135

| | |
|---|---|
| JEFFERY THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| RED BULL RACING, INC., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Summary Judgment [Doc. 13] and the parties' Responses to the Court's Order of May 19, 2011 [Doc. 19; Doc. 21].

## PROCEDURAL HISTORY

The Plaintiff initiated this action on June 28, 2010 seeking relief for racial discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000, *et. seq*. & 1981. [Doc. 1]. The Defendant answered and the parties thereafter engaged in discovery at the conclusion of which the pending motion was filed. [Doc. 8; Doc. 11].

In response to the motion, Plaintiff's counsel specifically stated that

"plaintiff has addressed the retaliation claim only." [Doc. 18 at 4]. He then went on to state that "The claim of race discrimination[1] is withdrawn." [Id.] The Court treats this statement as a motion by Plaintiff pursuant to Rule 41 to dismiss his discrimination claims with prejudice, which motion will be granted. [Doc. 18, at 4].

In the course of review of the parties' filings, the Court noted that the employment application signed by the Plaintiff required the parties to submit any employment disputes to binding arbitration. [Doc. 17]. As a result, the Court asked the parties to respond to the issue of whether arbitration is compelled. [Id.]. The Defendant responded that a final arbitration agreement was never formed and asked that the case proceed on the pending motion for summary judgment. [Doc. 19]. The Plaintiff responded that the parties have both waived any right to arbitration by the commencement and prosecution of litigation. [Doc. 21]. The Plaintiff also argued that being compelled to submit to arbitration at this point in the litigation would be prejudicial to both parties. [Id.].

---

[1] In the complaint, the Plaintiff asserted two claims for discrimination, one based on Title VII and one based on §1981.

## STANDARD OF REVIEW

> Under the Federal Rules of Civil Procedure, summary judgment shall be awarded "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, ... show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." As the Supreme Court has observed, "this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."

Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003), cert. denied 541 U.S. 1042, 124 S.Ct. 2171, 158 L.Ed.2d 732 (2004) (emphasis in original; citation omitted); see, Fed.R.Civ.P. 56(a).

A genuine issue of fact exists if a reasonable jury considering the evidence could return a verdict for the nonmoving party. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994), cert. denied 513 U.S. 814, 115 S.Ct. 68, 130 L.Ed.2d 24 (1994), citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "Regardless of whether he may ultimately be responsible for proof and persuasion, the party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact." Bouchat, 346 F.3d at 522, citing Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If this showing is made, the burden then shifts to the non-moving party who must convince the Court that a triable issue does exist. Id.

A party opposing a properly supported motion for summary judgment

> "may not rest upon the mere allegations or denial of [his] pleadings," but rather must "set forth specific facts showing that there is a genuine issue for trial." Furthermore, neither "[u]nsupported speculation," nor evidence that is "merely colorable" or "not significantly probative," will suffice to defeat a motion for summary judgment; rather, if the adverse party fails to bring forth facts showing that "reasonable minds could differ" on a material point, then, regardless of "[a]ny proof or evidentiary requirements imposed by the substantive law," "summary judgment, if appropriate, shall be entered."

Id.

Nonetheless, in considering the facts for the purposes of a summary judgment motion, the Court will view the pleadings and material presented in the light most favorable to the nonmoving party. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## FACTUAL BACKGROUND

The parties do not contest the statement of facts or sequence of events as stated in Red Bull's motion. Indeed, the Plaintiff states in his brief that he "accepts the [Defendant's] statement of events" and the facts as modified by his response.[2] [Doc. 18, at 1]. The Court will therefore briefly summarize the facts in the light most favorable to the Plaintiff as the non-moving party.

---

[2] The response, however, does not contain any modification of the Defendant's statement of facts, although it does add some facts which are not disputed.

Red Bull is a NASCAR racing team which employs about 180 people in Mooresville, North Carolina where it designs and builds race cars. [Doc. 14, at 2]. The Plaintiff, who is African American, was employed by Red Bull in July 2006 as a quality control manager for components placed in race cars at the Mooresville facility. [Id.]. By the summer of 2007, Plaintiff was informed that there were concerns about his performance. [Id., at 4]. At a performance review in September 2007, the Plaintiff was further advised of concerns about his performance as well as the quality of work being produced by the department itself. [Id., at 5]. The Plaintiff was asked to submit an improvement plan for both himself and the department. [Id.].

In October 2007, the Plaintiff was told that he would be replaced as the manager of the quality department.[3] [Id., at 6]. By December 2007, his replacement, Mark Cunningham, had been hired and was actively serving in that position. [Id., at 7]. The Plaintiff was demoted to the position of quality technician but continued to be employed by Red Bull with no change in salary. [Id.]. The Plaintiff requested and received an extended vacation from December 14, 2007 until the beginning of the new year. [Id.]. When he returned from vacation, the Plaintiff continued in the position of quality

---

[3]The Plaintiff has stated that he is withdrawing any claim for discrimination based on this demotion.

technician. [Id., at 8].

Red Bull presents a forecast of evidence that when the Plaintiff returned to work in January 2008, he did not properly perform his job and in particular, began to leave work early without sufficient notice and to have excessive absences. [Id., at 9]. In mid-January 2008, the Plaintiff advised Red Bull that he had enrolled in college and would need to leave early on class days. [Id.]. The parties do not dispute that their relationship continued to deteriorate. Plaintiff acknowledges that he knew Red Bull felt his performance was insufficient. [Doc. 13-7, at 13].

There were several meetings between the Plaintiff, Cunningham and Andrew Cumbers, the facility's head manager. On February 26, 2008, the three met again to review Plaintiff's absences from work and to clarify that his absence from work in order to perform homework for college classes was unacceptable. [Doc. 14, at 10]. On February 28, 2008, the Plaintiff left a document on the desk of Beth Wanke, the human resources manager for Red Bull. [Id., at 11]. In that document, which the Plaintiff describes as a charge of discrimination, the Plaintiff made the following statements:

> It is my intention to file a formal complaint of Racial Discrimination against Mark Cunningham and Andrew Cumbers based on the incidents of 02/26/2008. Mark Cunningham stated that it was a performance concern because on Jan. 22nd I allegedly spent 12 hours performing my very first Romer inspection on a chassis. ... I feel very strongly that his motives are discriminatory. Andrew

6

Cumbers alleged that there was damage on the car I inspected[.] ... *I feel very strongly that his motives are discriminatory*.

...

The allegation made by Andrew Cumbers that I am uncooperative with store room personnel [was] that Heather indicated that I was not as friendly to her as she expected. If this is in fact true then I am truly concerned about the level of friendliness expected from me towards a female coworker. I request that these expectations cease and desist. Mark Cunningham is attempting to stifle my rights of free speech guaranteed by the First Amendment of the Constitution in reference to a conversation I was having with a co-worker that he (Mark Cunningham) was not invited or involved in. By implying that I have no right as a Black Man to say what's on my mind without repercussions from him. *I feel very strongly that his motives are discriminatory*.

Mark Cunningham stated that I should make [work] the priority in my life much like the days of slavery when the slaves were expected to make the plantation the number 1 priority in their life. Mark Cunningham also stated that using my earned vacation for education is "unacceptable," this too is plantation mentality, indicating the Mark expects that a Black man should not be learning. On 01/18/2008 Mark Cunningham made the comment: "And I'll tell you one thing that could become a problem is the school I had no idea this was happening." *I feel very strongly that his motives are discriminatory*.

...

Mark Cunningham has implied that I should bear some accountability for the white engineers that FAIL to disposition NCR's in a timely manner. I feel very strongly that his motives are discriminatory. Mark Cunningham is attempting to penalize me for not being his "happy go lucky, skinning and grinning Plantation Negro and threatened my employment if I fail to submit to his racist expectations. I feel very strongly that his motives are discriminatory. In that Andrew Cumbers and Mark Cunningham have singled me out and are scrutinizing my activities greatly concern me. *I feel very strongly that their motives are discriminatory*. I request that these racially motivated acts on the

part of Mark and Andrew cease and desist.

[Doc. 18-1, at 17-18] (emphasis added). The Plaintiff showed on the document that he had provided a copy to the Equal Employment Opportunity Commission (EEOC). [Id., at 18].

On the same day that the document was found and read by Wanke, she met with the Plaintiff along with Cumbers and Cunningham. [Doc. 14, at 12]. During that meeting, the Plaintiff's employment with Red Bull was terminated and he was discharged. [Id.]. In the EEOC charge filed by the Plaintiff, he stated that he had been discriminated against by being discharged in retaliation for submitting the above-referenced document to the human resources manager. [Doc. 18-1, at 9].

> The document was submitted to Beth Wanke ... at 8:00 am. At 9:25 am, I was approached by Cumbers, Cunningham and Wanke about the document. When I would not rescind my charge, Wanke informed me that because of the document, my services were no longer needed.

[Id.].

## DISCUSSION

**The issue of arbitration.**

The Court finds that the parties' responses show a clear, unequivocal intention to waive any right to arbitrate the disputes raised in this action. National Union Fire Ins. Co. of Pittsburgh, P.A. v. NCR Corp., 376 Fed.Appx.

70 (2nd Cir. 2010). Moreover, the parties' conduct by the completion of discovery and the prosecution of the case to the point of summary judgment constitutes waiver and the submission of the case at this point to arbitration would be prejudicial. Id.; Forrester v. Penn Lyon Homes, Inc., 553 F.3d 340, 343 (4th Cir. 2009) ("a party will default its right to arbitration if it 'so substantially utiliz[es] the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay.'") (citation omitted); Brookridge Funding Corp. v. Northwestern Human Resources, Inc., 170 Fed.Appx. 170 (2nd Cir. 2006), citing Cotton v. Slone, 4 F.3d 176, 179 (2nd Cir. 1993); accord, Hurley v. Deutsche Bank Trust Co. Americas, 610 F.3d 334 (6th Cir. 2010).

**Summary judgment.**

The Plaintiff claims he was discharged in retaliation for making the "charge of discrimination" contained within the February 2008 document placed on Wanke's desk. [Doc. 1, at 5]. A plaintiff in a retaliation case must show (1) that he engaged in protected activity; (2) the employer took an adverse action against him; and (3) there is a causal connection between the protected activity and the adverse action. Hoyle v. Freightliner, LLC, __ F.3d __, 2011 WL 1206658 (4th Cir. 2011); Ziskie v. Mineta, 547 F.3d 220, 229 (4th Cir. 2008). Complaining about racial discrimination constitutes engaging in

9

protected activity.  Holland v. Washington Homes, Inc., 487 F.3d 208, 218 (4th Cir. 2007), cert. denied 552 U.S. 1102, 128 S.Ct. 955, 169 L.Ed.2d 734 (2008).

> An adverse action is one that "constitutes a significant change in employment status, such as ... firing[.] In addition, [the Plaintiff] "must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" Here, ... [the Plaintiff] was, in fact, terminated. [That] action[ ] might have dissuaded a reasonable worker from advancing a charge of discrimination. Further, [the Plaintiff] demonstrates a causal connection because of the temporal proximity between [his] complaints and [his termination].  While evidence as to the closeness in time "far from conclusively establishes the requisite causal connection, it certainly satisfied the less onerous burden of making a prima facie case of causality."  Hence, [the Plaintiff] has made a prima facie showing of retaliation.

Hoyle, 2011 WL 1206658, at **12.

Where the plaintiff "puts forth sufficient evidence to establish a prima facie case of retaliation" and the employer offers "a non-discriminatory explanation" for termination, then the plaintiff must establish that the employer's proffered explanation is pretext.  Yashenko v. Harrah's NC Casino Co., LLC, 446 F.3d 541, 551 (4th Cir. 2006).  That is, the plaintiff then must "show that the reason is mere pretext for retaliation by proving both that the reason was false and that discrimination was the real reason for the challenged conduct."  Holland, 487 F.3d at 218.

10

Here, Red Bull presented a forecast of evidence that the Plaintiff was ultimately discharged due to poor performance, leaving work early without permission and having excessive absences. In response to the motion for summary judgment, the Plaintiff "has failed to project evidence of pretext." Hoyle, 2011 WL 1206658, at **12. He has "present[ed] no evidence that [he] was not terminated for" excessive absences, poor performance and disciplinary issues. Id. Indeed, the Plaintiff's response makes no forecast of any evidence concerning pretext. Ali v. Energy Enterprises Solutions, LLC, 2011 WL 733606 **1 (4th Cir. 2011), quoting Barnhart v. Pickrel, Schaeffer & Ebeling Co., 12 F.3d 1382, 1389 (6th Cir. 1993) ("[S]ummary judgment was proper because Defendants proffered two legitimate and nondiscriminatory reason[s] for termination - deterioration of work and failure to cooperate - and [Plaintiff] failed to demonstrate by a preponderance of evidence that those reasons were pretext.").

In fact, Plaintiff's response to the motion is fundamentally lacking. Plaintiff accurately states that his burden under Rule 56 is to present a forecast fulfilling the elements of 1) protected activity, 2) adverse action and 3) causal connection. He states that he has presented evidence that his letter of February 28, 2007, claiming discrimination was protected activity and that his termination was an adverse action. Where Plaintiff completely fails,

11

however, is on the element of causal connection. Plaintiff devotes a total of two paragraphs to this issue. In the first he cites to Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003) for the proposition that causal connection can be shown by circumstantial evidence. In the second paragraph Plaintiff simply recites his burden that he must present a forecast of evidence that "race plays an actual role in an employment decision," citing Fuller v. Phipps, 67 F.3d 1137 (4th Cir 1995)[4] and Diamond v. Colonial Life and Accident Ins. Co., 416 F.3d 310 (4th Cir 2005). [Doc. 18 at 4]. Plaintiff, however, fails to cite to any evidence that race played an actual role in his firing. Plaintiff's counsel attached to his five-page response the entire contents of a Freedom of Information Act request submitted to the EEOC; that is, one hundred twenty-eight pages representing the investigation made by the EEOC of his charge of discrimination and retaliation. [Doc. 18-1]. In the brief responding to the motion, counsel makes no reference to specific pages as evidence of pretext. "Judges are not like pigs, hunting for truffles buried in briefs." Teague v. Bakker, 35 F.3d 978, 985 n.5 (4th Cir. 1994), cert. denied 513 U.S. 1153, 115 S.Ct. 1107, 130 L.Ed.2d 1073 (1995), quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991). Even though he did not even refer to it in his response, Plaintiff's counsel attached as Doc. 18-2 purported transcripts of

---

[4] Plaintiff cited this case as Fuller v. Phillips, 67 F.3d 1137 (4th Cir 1975)[sic].

12

conversations between Plaintiff and employees of Defendant. These documents are not authenticated in any manner. It is not even stated whether these are proffered as transcripts or as Plaintiff's recollection of the conversations. Most importantly, Plaintiff does not state anything as to how they would be admissible or how they constitute evidence of pretext.

As far as the Court can discern, Plaintiff relies exclusively on the document he left on Wanke's desk[5] as proof of discrimination as well as proof of protected activity. It is replete with the Plaintiff's conclusory belief that he has been discriminated against, but "a plaintiff's own assertions of discrimination in and of themselves are insufficient to counter substantial evidence of legitimate nondiscriminatory reasons for an adverse employment action." Williams v. Cerberonics, Inc., 871 F.2d 452, 456 (4th Cir. 1989); Grice v. Baltimore County, Md., 354 Fed.Appx. 742, 748 (4th Cir. 2009) (employee's belief insufficient to undermine legitimate, non-discriminatory reasons put forth by defendant); Coleman v. Loudoun County School Board, 294 Fed.Appx. 778 (4th Cir. 2008).

> [Red Bull] has articulated and proven legitimate nondiscriminatory and nonretaliatory reasons for [the Plaintiff's] termination. Other

---

[5] This document is largely repeated in Plaintiff's intake statement to the EEOC, without any further support than the Plaintiff set out in the document left for Wanke. It simply repeats the Plaintiff's personal conclusion that "I feel very strongly that his [Cumber's and Cunningham's] motives are discriminatory," [Doc. 18-1 at 16-17], without directing the Court to any *evidence* that would lead anyone else to that conclusion.

13

> than the fact that at the time [he] was fired [his] supervisors were aware that [he] had filed a discrimination claim, [the Plaintiff] has produced no other evidence of retaliation. Plainly, mere knowledge on the part of an employer that an employee it is about to fire has filed a discrimination charge is not sufficient evidence of retaliation to counter substantial evidence of legitimate reasons for discharging that employee.

Williams, 871 F.2d at 457. In order to show employer's reason was pretext, plaintiff must prove both that the reason was false and that discrimination was the real reason. Adams v. Trustees of the University of N.C.-Wilmington, __ F.3d __ 2011 WL 1289054 **8 (4th Cir. 2011); see also, Jarvis v. Enterprise Fleet Services and Leasing Co., 2010 WL 1068146 (D.Md. 2010) (mere knowledge that plaintiff filed charge insufficient to show pretext), affirmed 408 Fed.Appx. 668 (4th Cir. 2011); Khoury v. Meserve, 268 F.Supp.2d 600, 615 (D.Md. 2003), affirmed 85 Fed.Appx. 960 (4th Cir. 2004) ("It is not enough for Plaintiff to allege pretext based on her own view of the truth; in order to rebut Defendant's non-discriminatory reason, Plaintiff's task is to proffer evidence showing that Defendant's stated reason was not the real reason for its actions."); Jenkins v. City of Charlotte, 2007 WL 1199180 (W.D.N.C. 2007). Plaintiff has completely failed to present a forecast of evidence that would allow his retaliation claim to survive summary judgment.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

1. Plaintiff's statement that his "claim of race discrimination is withdrawn," [Doc. 18 at 4] is treated as a motion for voluntary dismissal with prejudice as to Plaintiff's Fist and Second Causes of Action as set out on the Complaint [Doc. 1], and is hereby **GRANTED**, and said Causes of Action are hereby **DISMISSED** with prejudice;

2. The Defendant's Motion for Summary Judgment [Doc. 13] is hereby **GRANTED** and this action is **DISMISSED** in its entirety with prejudice.

Signed: June 21, 2011

Martin Reidinger
United States District Judge